[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Garrett Havican appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that a chemical test of the plaintiff's blood showed that the alcohol content exceeded the legal limit at the time the plaintiff was operating a motor vehicle. The plaintiff appeals pursuant to § 4-183. The court finds in favor of the plaintiff.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. At the administrative hearing on the license suspension, the plaintiff testified and presented two witnesses who also testified in his behalf. The police officer who arrested the plaintiff and administered the intoximeter test also testified. The hearing officer admitted in evidence the police officer's A-44 report, a narrative supplement to that report, and copies of the paper tapes generated by the intoximeter machine at the times when it was used to test the plaintiff's blood alcohol.
The arresting police officer is a member of the Bethel Police Department, and he arrested the plaintiff in that town. After arresting the plaintiff, the officer transported him to the Newtown police headquarters, where CT Page 1374-N he administered the intoximeter tests. The test results indicated that the alcohol content of the plaintiff's blood at the time of the tests was .171 and .165.
In his written reports and in his testimony, the police officer states that he administered the tests at 3:14 A.M. and 3:44 A.M. on April 24, 1994. The paper tapes generated internally by the intoximeter machine, however, record the times as 4:14 A.M. and 4:44 A.M. The police officer did not explain the discrepancy, but in his written report he indicates that the machine needed to be "reset" by the state department of health and addiction services.
Prior to the administrative hearing, the plaintiff subpoenaed the police officer, commanding him to bring to the hearing copies of the certification of the machine by the department of health and addiction services and any other records pertaining to the functioning and repair of the machine. The police officer failed to do so.
Following the hearing, the hearing officer rendered his final decision. He determined, inter alia, that the level of alcohol in the plaintiff's blood, based on the intoximeter tests, exceeded the legal limit. He also found that those tests were administered at 3:14 A.M. and 3:44 A.M.
The plaintiff raises three basic arguments in support of his appeal: (1) that the administrative suspension subjects him to double jeopardy in violation of the constitution; (2) that the written police report should not have been admitted in evidence; and (3) the evidence was not sufficient to support the hearing officer's findings.
The double jeopardy issue has been resolved by our Supreme Court, and the plaintiff's argument may not be sustained.
With respect to the admissibility of the police report, the plaintiff contends that the hearing officer was in error because the police failed to send the original of the report to the department of motor vehicles in accordance with the provisions of General CT Page 1374-O Statutes § 14-227b(c). That argument might have some force in a different case, where the authenticity of the written report is seriously at issue, for instance. In the present case, however, the police officer who authored the report appeared and testified as to the events in question. There was really no issue as to the authenticity of the written report, and the plaintiff was clearly not significantly harmed by its introduction in evidence. His argument may not be sustained.
The plaintiff's arguments concerning the sufficiency of the evidence relate to the reliability of the intoximeter machine or lack thereof. The machine provided the only evidence to support the hearing officer's finding that the plaintiff's blood alcohol level exceeded the legal limit.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." This is sometimes expressed as the "substantial evidence rule." "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld."Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580,601 (1991).
While those general principles impose a significant burden on an appellant seeking reversal of an agency's factual findings, the court may nevertheless not allow such findings to stand unless they are supported by substantial evidence in the administrative record.
In the present case, as noted, the hearing officer's factual finding that the plaintiff's blood alcohol level exceeded the legal limit was based entirely on the CT Page 1374-P results of the intoximeter tests. Implicit in that factual finding, therefore, was the necessary subordinate finding that the machine was operating properly so as to produce reliable results. Put another way, unless there was some substantial evidence that the intoximeter results were reliable, the hearing officer could not find that the plaintiff's blood alcohol level was illegally high.
The court has examined the whole record in this case. The only evidence that the machine was functioning properly so as to produce reliable test results was the testimony of the police officer who operated it. Although he stated his opinion that the machine was functioning properly, his testimony as a whole provided scant support for that opinion.
The police officer's written A-44 report contains his statement under oath that the machine had been certified by the state department of health and addiction services to be in good working order. He backed away from that statement when he was cross-examined at the hearing, however, admitting that he had never seen the certificate and had no first hand knowledge of the certification. He testified that he tested the machine for accuracy, but then admitted that the test consisted solely of initiating an operation that the machine itself then performed internally. He said, in connection with the self-testing operation, "I don't know the internal workings of it." The police officer then testified that he could not independently verify whether that self-testing operation functioned properly, agreeing with plaintiff's counsel on cross-examination that he "left it up to the machine."
Set against the police officer's testimony was undisputed objective evidence that the machine was not functioning properly in all respects. The tapes generated by the machine when the tests on the plaintiff were administered were inaccurate, showing the wrong times. At the least, this indicated some malfunction or improper adjustment. Finally, the court notes that the police officer failed to produce relevant records of the machine's repair history and certification in compliance with the subpoena. His explanation essentially was that CT Page 1374-Q the Bethel Police Department did not have those records. Under the circumstances, however, this explanation is less than persuasive. The officer was freely allowed use of the machine by the Newtown Police Department. It seems likely, therefore, that he could easily have obtained a copy of the machine's current certification, if it existed, from that department, particularly since he was under subpoena and put on notice that he would probably be questioned on the subject. Under these circumstances, the hearing officer could have inferred that the machine was not certified. See State v. Alfonso, 195 Conn. 624,632 (1985).
In summary, the court's review of the record in this case leads to the conclusion that the evidence concerning the reliability of the intoximeter machine was not substantial. The evidence tends to show, rather, that the machine was not functioning properly at the time it was used to test the plaintiff. Accordingly, the evidence is legally insufficient to support the hearing officer's determination that the plaintiff failed the test.
The plaintiff's appeal is sustained.
MALONEY, J.